IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOBBIE MCMULLIN,

    Plaintiff,

   v.                                        No. CIV 11-1092 JP/GBW

WARDEN E BRAVO,
GEO (CONTRACTOR TO NMCD),
STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,
LUPE MARTINEZ, SECRETARY OF
THE CORRECTIONS DEPARTMENT,
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss Plaintiff's complaint without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants ordered Plaintiff to submit a urine sample. Plaintiff was unable to comply within the time allotted and was given a misconduct report charging refusal to provide the sample. After a hearing, Plaintiff was convicted of the charge and punished by fifteen days in disciplinary segregation and the loss of thirty days good time credits. (Doc. 1-1 p. 13.) The conviction was upheld in administrative appeals. Plaintiff contends that, because he was unable to comply with the original order to produce a urine sample, his disciplinary prosecution and punishment violated his rights under the Fourth, Eighth, and Fourteenth Amendments. The complaint seeks declaratory and equitable relief, including restoration of good time credits, as well as damages.

Plaintiff's claims for damages in this § 1983 action are barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a plaintiff-convict may not bring a suit for damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Subsequently, in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Court decided that the *Heck* rule applies to a § 1983 action based on denial of good time credit affecting the length of a sentence. *Cf. Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). The complaint does not allege that Plaintiff's good time credits have been restored, *cf. Heck* at 486-87, and thus his allegations fail to state a claim cognizable under § 1983,

*see Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns a conviction may then bring a § 1983 action).

Furthermore, Plaintiff's claims for restoration of good time credits must be brought in a habeas corpus proceeding. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("a prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus") (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. . . . [s]uch claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Plaintiff's claims for restoration of good time credits are not cognizable in this § 1983 action, and the Court will dismiss these claims without prejudice to Plaintiff's right to pursue relief under the habeas corpus statutes.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE